IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Holt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 1867 |
| | ) | |
| PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, a Delaware limited liability Company, and Phillips & Cohen Associates, Ltd., a New Jersey corporation, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Patricia Holt, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Patricia Holt ("Holt"), is a citizen of the State of Texas, from whom Defendants attempted to collect delinquent consumer debts owed for a Wal-Mart and a Chevron/Texaco credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Phillips & Cohen Associates, Ltd. In fact, Portfolio and Phillips & Cohen Associates, Ltd., are related/sister companies which share owners, offices and employees.

6.     Defendant Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff. Defendant P&C operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7.     Defendants Portfolio and P&C are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois. <u>See</u>,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Portfolio and P&C each conduct business in Illinois.

8. Moreover, Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant P&C acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Holt is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including consumer debts she owed for a Wal-Mart and a Chevron/Texaco credit card. At some point in time after those debts became delinquent, they were bought by Defendant Portfolio, and when Portfolio began trying to collect these debts from Ms. Holt, by having P&C send Ms. Holt collection letters, dated October 26, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. Copies of these collection letters are attached as Group Exhibit C

10. Accordingly, via letters dated December 27, 2010, one of Ms. Holt's attorneys at LASPD informed Defendants P&C and Portfolio that Ms. Holt was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Holt was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit D.

11. Nonetheless, despite being advised that Ms. Holt was represented by counsel and refused to pay these two debts, Defendants sent Ms. Holt collection letters,

dated January 6, 2011, which demanded payment of the Wal-Mart and Chevron/Texaco debts. Copies of these letters are attached as Group Exhibit E.

12. Accordingly, on February 23, 2011, Ms. Holt's LASPD attorney faxed Defendants letters, again directing them again to cease communications and to cease collections. Copies of these letters and fax confirmations are attached as Group Exhibit F.

13. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Ms. Holt's agent, LASPD, told Defendants to cease communications and to cease collections (Group Exhibit D). By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for

4

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Holt was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Group Exhibit D), that Ms. Holt was represented by counsel, and had directed a cessation of communications with Ms. Holt.  By directly sending Ms. Holt collection letters (Group Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Patricia Holt, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Holt, demands trial by jury.

                                                              Patricia Holt,

                                                              By: /s/ David J. Philipps
                                                              One of Plaintiff's Attorneys

Dated: March 17, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com